Totter, J.,
delivei’ed the opinion of the court.
Trespass guare clausum fregit. There was judgment for the defendant, and plaintiff appealed in error.
The case involved the title to the land, and the plaintiff, in dei’aigning title, read in evidence the will of David McFadden, by which he gives to his wife *319 bis estate, both real and personal, to baye and to bold during ber life. He then makes special bequests and devises in remainder, to take effect in possession, at tbe death of bis wife. Tbe will then proceeds as fol-* lows, to wit:
“It is my will and desire, that after tbe death of my wife, that all my property be sold, tbe perishable property on a credit of twelve months, tbe purchaser giving bond with approved security; also, all my land, except such as is already given away, to be sold bn a credit of one and two years; substantial security is to be given by tbe purchaser. And my express will and desire is, that after tbe money is collected, and Mary Jane and Ruth Ann McEadden receive their three hundred dollars, that tbe balance be equally divided among my beloved children,” &c. The testator appointed William Loekart executor of his will.
The plaintiff then read in evidence a deed executed by William Loekart, executor as aforesaid, to Charles D. Loekart, for the land in question; and upon this part of the case, his Honor, the circuit judge, instructed the jury that the will conferred no power upon the executor to sell and convey the land; that his deed was inoperative, and therefore, that plaintiff could not maintain his action. It is now said that in this there is error.
The will, it will be seen, declares a power to sell the land at the termination of the life estate, and directs bow tbe fund shall be distributed or administered; but it does not name tbe donee of tbe power, or state expressly by whom it shall be executed. In this respect it simply appoints an. executor without more.
*320 The rule in such case seems to be, that if a will direct an estate to be sold, not naming a donee of the power, the power devolves by implication upon the executor, provided he is charged with the distribution of the fund. 1 Sugden on Powers, 134. 4 Kent’s Com., 327. Beatell vs. Wilder, 1 Aik. R., 420. Darom vs. Fanning, 2 John’s Chan. R., 254.
Now, as to the fund to be raised by the sale, it is charged first with the payment of a legacy of $300, the balance to be equally divided among the testator’s children. It is of course the duty of an executor to pay legacies, and to raise the fund in the manner directed by the will; and we are of opinion that it was the intention of testator that the fund arising from the sale should be distributed by the executor. 2 John’s Ch. R., 254. If this be so, it' must result that the executor had power under the will to sell and convey the land. The circuit court erred in holding a contrary opinion.
2. As to the execution of the power, assuming it to be vested in the executor, that is a matter not considered in the court below, nor attended to in argument here. We therefore make no questions upon it, but merely state the general rule, which is, that the “ intention of the grantor of a power as to the mode, term and conditions of its execution, must be observed.”
Let the judgment be reversed, and the cause be remanded.
Judgment reversed.